# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| EDWARD BESS, SR., | |
| Petitioner, | CIVIL ACTION NO.: CV209-160 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: CR204-36) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Edward Bess, Sr. ("Bess"), who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response. Bess filed a Reply. For the reasons which follow, Bess' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Bess was indicted in the Southern District of Georgia on one count of possession of a firearm by a convicted felon, armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This Court appointed I. Cain Smith ("Smith") to represent Bess. Bess pleaded guilty to the charged offense pursuant to a negotiated plea agreement. Bess was sentenced to 180 months' imprisonment. Bess filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Bess' conviction and sentence. (CR204-36, Doc. No. 44).

AO 72A
(Rev. 8/82)

Bess filed a previous section 2255 motion in which he asserted he received ineffective assistance of counsel. Bess contended his conviction was obtained due to a "coerced confession" because he pleaded guilty based on Smith telling him he could receive 25 years to life in prison if he did not plead guilty. Bess also contended Smith practices real estate law and not criminal law, which caused "considerable damage to [his] liberty intrust." (CV207-2, Doc. No. 1, p. 5.) Bess asserted Smith failed to raise pertinent issues on appeal regarding his criminal history and the extreme sentence he received. Finally, Bess alleged his criminal history was used against him to enhance his sentence, in violation of the protection against double jeopardy. (CV207-2, Doc. No. 4, pp. 1-2). The undersigned recommended that Bess' initial motion be denied, and the Honorable Anthony A. Alaimo adopted this recommendation as the opinion of the Court. (CV207-2, Doc. Nos. 4, 10).

In the instant Motion, Bess alleges, again, that he received ineffective assistance of counsel because Smith was inexperienced with criminal cases and failed to raise critical issues or file critical motions. Bess also alleges that the "judgment has been satisfied Released or Discharged (sic)" because it is "based upon the judgement (sic) that has been reversed, under Arizona v. Gant[.]" (Doc. No. 1, p. 6).

Respondent contends that Bess' motion is a successive § 2255 motion, and Bess has presented no evidence that he obtained permission from the Eleventh Circuit Court of Appeals to file his motion. Respondent asserts that Bess' petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Bess did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, Bess would not be entitled to his requested relief.

Bess contends that the judgment in his criminal case has been rendered invalid based on Arizona v. Gant, ___ U.S. ___, 129 S. Ct. 1710 (2009). In Gant, the United States Supreme Court agreed with the Arizona Supreme Court's determination that the search of Gant's car was not justified under Chimel v. California, 395 U.S. 752 (1969)[1],

---

[1] Chimel concerned the "search incident to arrest" exception to the Fourth Amendment's warrant requirement and the permissible scope of an officer's search after an arrest. 395 U.S. 752 (1969).

3

as applied to vehicle searches in New York v. Belton, 453 U.S. 454 (1981), because Gant "could not have accessed his car to retrieve weapons or evidence" after he was arrested and placed in the officer's patrol car. Gant, ___ U.S. at ___, 129 S. Ct. at 1714. The Court concluded that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." United States v. Davis, ___ F.3d ___, 2010 WL 810984, *2 (11th Cir. Mar. 11, 2010) (quoting Gant, ___ U.S. at ___, 129 S. Ct. at 1723). While the Eleventh Circuit found that Gant applies retroactively to cases on direct appeal at the time the Supreme Court rendered its opinion, Davis, ___ F.3d at ___, 2010 WL 810984 at *2, the Supreme Court has not made Gant retroactively applicable to cases on collateral review. See United States v. Spooner, 2009 WL 2524596 (M.D. La. Aug. 14, 2009); United States v. Brown, 2009 WL 1605634 (D. S.C. June 5, 2009). Thus, Bess' motion falls outside of § 2255(h)'s requirements.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Bess' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE